955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney BUTLER, Defendant-Appellant.
 No. 90-50425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided Feb. 18, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court concluded that, in light of all the circumstances, Butler did not abandon the bag. This finding was not clearly erroneous. See United States v Mendia, 731 F2d 1412, 1414 (9th Cir), cert denied, 469 US 1035 (1984). Butler therefore has standing to challenge the search.
 
 
 3
 The district court found, and we agree, that the officers had probable cause to arrest Butler. The clothing, jewelry, beepers and nervous mannerisms of Butler and his companions alerted the officers to the possibility of something amiss, and this suspicion was heightened by the fact that they paid cash for one-way tickets; the officers were justified in approaching Butler and the others and speaking with them. See Florida v Royer, 460 US 491, 502 (1983) (plurality). The subjects' reactions to this encounter--intense nervousness, lying, fleeing and the display of a large wad of cash--provided the officers with all they needed to arrest Butler and the others. See United States v Hoyos, 892 F2d 1387, 1393 (9th Cir1989), cert denied, 111 SCt 80 (1990).
 
 
 4
 A search incident to a lawful arrest is an exception to the warrant requirement. Chimel v California, 395 US 752, 762-63 (1969). The rationale is to remove from the suspect's control weapons or destructible evidence. Id at 763. Here the search took place after the defendant had passed through the airport metal detector and had his bags X-rayed; the justifications for a search incident to arrest are thus weak on the facts of this case. Nevertheless, "the [Supreme] Court [has] rejected the suggestion that 'there must be litigated in each case the issue of whether or not there was present one of the reasons supporting the authority for a search of the person incident to a lawful arrest.' " New York v Belton, 453 US 454, 459 (1981) (quoting United States v Robinson, 414 US 218, 235 (1973)). A blanket exclusion is necessary so that police can conduct investigations without having to consider every specific situation with which they are confronted. Id at 458. Because the arrest was lawful, the search of the bag was also; the fact that the search preceded the arrest is irrelevant for Fourth Amendment purposes. Rawlings v Kentucky, 448 US 98, 111 (1980).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3